# UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF LOUISIANA

### SHREVEPORT DIVISION

| | |
|---|---|
| ROBERT LEROY MCCOY | CIVIL ACTION NO. 11-2091-P |
| VERSUS | JUDGE HICKS |
| LARRY DEAN, ET AL. | MAGISTRATE JUDGE HORNSBY |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff Robert Leroy McCoy ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this Court on November 30, 2011. Plaintiff is currently incarcerated at the Louisiana State Penitentiary, but claims his civil rights were violated by prison officials while detained at the Bossier Parish Maximum Security Facility in Plain Dealing, Louisiana. He names Warden Craig Stokes, Sheriff Larry C. Dean, Deputy Daniel Talley, Robert Parker, the Bossier Parish Sheriff Office, Thomas Wilson, and T. Chase Townley as defendants.

Plaintiff claims he was transferred to the Bossier Parish Maximum Security Facility on May 14, 2008. He claims that from June 2008 until October 31, 2008 [Doc. 18, p.1], Defendants violated his civil rights. He claims Warden Craig Stokes and the staff immediately began to verbally assault him after his transfer. He claims the verbal assaults became physical

assaults.  He claims that from June 2, 2008 though June 8, 2008, Warden Stokes came to his unit with deputies and handcuffed him and beat him with billy-clubs on his stomach and arms. He further claims they punched his head and body and kicked him with steel toe boots until he could not stand or breathe.  Plaintiff claims that on June 8, 2008, he experienced pain in his stomach area and bleeding from his rectum.  He claims he was very dizzy.  He claims he woke up in the emergency room at LSU Medical Center.  He claims he had two lacerations on his arm from the battery which required sutures.  He claims the doctors asked him why he swallowed a razor blade.  He claims he informed the doctors that he had been beaten for five days by the guards and that this was the source of his internal bleeding.  He claims the false suicide report was an attempt to cover-up the excessive force used against him to make him confess to a crime he did not commit.  He claims his medical records state that no evidence of a foreign body was noted or found.

Plaintiff claims that on June 13, 2008, Warden Craig Stokes, Daniel Talley, Thomas Wilson, and Chase Townley escorted him to the shower in the booking area.  He claims after Warden Stokes left, Daniel Talley and Thomas Wilson started cursing and taunting him with racial slurs.  He claims he did not respond.  Plaintiff claims Daniel Talley continued to try to provoke him.  He claims after he again did not respond, Daniel Talley spit in his face and continued to call him racially derogatory names.  He claims when he asked for his towel, Chase Townley threw it on the floor.  He claims he then put on his clothes while soaking wet.  He claims Deputy Talley grabbed his left arm and put it in a high escort position in an attempt to break it.  He also claims Deputy Talley pulled him back into the shower area where there are

no cameras.  He claims Deputy Talley then pulled and twisted his arm causing severe pain.  He claims as Deputy Talley attempted to kick him in the groin area, he slipped and fell causing him to also fall.  Plaintiff claims he placed his hands behind his head and put is head on the floor.  He claims Deputy Talley then struck him repeatedly with a closed fist and kicked him in the face.  He claims Chase Townley and Warden Stokes then used two full cans of mace on him.  Plaintiff claims several other deputies, including Deputy Parker, started kicking him and tasing him in three minute intervals.  He claims he did not resist.  Plaintiff claims he suffered shortness of breath, pain, numbness, tachycardia, and massive blood clots and swelling from his groin down to his foot.

Plaintiff claims he was denied proper medical treatment from June 13, 2008 through June 18, 2008.  Plaintiff claims he was in pain and pressed the emergency button for help.  He claims the staff disabled his button.  He claims deputies sprayed mace in his eyes and on his body while he was asleep.  He claims the mace stayed on him for four days and caused subconjuctional hemorrhaging.

Plaintiff claims that after he was discharged on June 24, 2008, he had deep vein thrombosis and edema.

Plaintiff claims that on July 29, 2008, Deputy Gauther shot him with a taser and ripped out a main vein resulting in massive bleeding.  He claims he had to be placed on a breathing machine during and after surgical repair of the vein.  He claims he also received four blood transfusions.

Plaintiff claims he still suffers from swelling in his right leg and groin, numbness in his right arm, bleeding from his rectum, and abdominal pain.  He also claims he has migraines and high blood pressure because of the beatings.  Plaintiff claims he suffered emotional distress and mental anguish because of the bloody scenes caused by the defendants that were within his sight at the facility.

Plaintiff claims he was forced into a padded rubber room without any clothing.  He claims he was denied food, water, access to toilets, and protections from the elements for months.  He claims he was in continual segregation for 24 hours a day.  He claims he was only allowed one shower every two months.  He further claims his hygiene products were withheld.  He claims his access to water was at the guards' discretion.  He claims he was subjected to daily searches which included the placement of unwashed fingers in his mouth.

Plaintiff claims he was denied a nutritionally adequate diet for more than fourteen days.

Plaintiff claims his smock was torn off and he was stripped searched in the presence of female Deputy Parker in order to harass him and inflict psychological pain.  Plaintiff claims that while handcuffed, he was thrown onto the floor, choked, kicked, punched, maced, and repeatedly battered because of his race.

As relief, Plaintiff seeks prosecution of all named defendants, monetary and punitive damages, and seizure and confiscation of property.

For the reasons discussed below, Plaintiff's claims should be dismissed with prejudice as frivolous.

## LAW AND ANALYSIS

In Wilson v. Garcia, 471 U.S. 261 (1985), the Court articulated the guidelines to be used in determining what prescriptive period should apply to Section 1983 claims.  The Court determined "§ 1983 claims are best characterized as personal injury actions" and the forum state's statute of limitations applicable to such claims should be used.  Id. at 280.  In Gates v. Spinks, 771 F.2d 916 (5th Cir. 1985), the Fifth Circuit Court of Appeals phrased the test as: "The state statute governing the general tort remedy for personal injuries should apply to 1983 actions . . ." Gates, 771 F.2d at 919.

The Louisiana Civil Code provides a general prescriptive statute that governs tort actions.  The article subjects delictual actions to a liberative prescription of one year.  See La. C.C. art. 3492.  The Fifth Circuit qualified this prescriptive period, however, when it held that "a section 1983 action accrues and the statute of limitations begins to run when the plaintiff knows or has reason to know of the injury which is the basis for the action." Watts v. Graves, 720 F.2d 1416, 1417 (5th Cir. 1983).  Finally, prescription on the claim is tolled while the administrative remedy procedure is pending.  See Harris v. Hegmann, 198 F.3d 153 (5th Cir. 1999).

Plaintiff claims his civil rights were violated by Defendants from June 2008 until October 31, 2008 .  Thus, prescription began to run as to these claims in November 2008 at the latest.  The above entitled and numbered complaint was not signed by Plaintiff until November 10, 2011, and it was not filed by the Clerk of Court until November 30, 2011.  Plaintiff's claims are therefore prescribed.

Accordingly, Plaintiff's civil rights complaint should be dismissed as frivolous.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this Court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed.  See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).  District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319 (1989).  See also Gartrell v. Gaylor, 981 F.3d 254, 256 (5th Cir. 1993) ("Where it is clear from the face of a complaint filed in forma pauperis that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed pursuant to § 1915.")

For the reasons stated above, the Court finds that the IFP complaint of Plaintiff lacks an arguable basis either in law or in fact.

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties

aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within ten (10) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the  proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party.  See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 23rd day of August 2013.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE